Filed 2/26/14  P. v. Gonzalez CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>URIEL GONZALEZ,<br><br>    Defendant and Appellant. | B249249<br><br>(Los Angeles County<br>Super. Ct. No. PA038714) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Daniel B. Feldstern, Judge.  Affirmed.

Uriel Gonzalez, in pro. per.; California Appellate Project, under appointment by the Court of Appeal, Jonathan B. Steiner, Executive Director, and Richard B. Lennon for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In 2001, defendant Uriel Gonzalez was convicted of four counts of attempted murder with findings he acted with premeditation and deliberation, personally fired a gun, and personally fired a gun causing great bodily injury. He was sentenced to three consecutive life terms, plus 25 years to life, plus 40 years. The trial court awarded him presentence credits of 533 days, consisting of 464 days for actual custody and 69 days of conduct credit.

In April of 2013, defendant filed a "Motion for Correction of the Record in the Trial Court," which actually sought resentencing and correction of his presentence credits. The motion stated, "Gonzalez was entitled to 482 actual days and 72 conduct credits for a total of 554 days of presentence credit." The motion did not explain why defendant thought he was entitled to resentencing.

The trial court granted defendant's motion by awarding him the credits he requested: a total of 554 days of presentence credit, consisting of 482 for actual custody and 72 days for conduct credit. It further directed the preparation of an amended abstract of judgment. The amended abstract of judgment was prepared and accurately reflected the revised award of presentence credits.

Defendant then filed a "Motion for Reconsideration of Motion for Correction of the Record in the Trial Record [*sic*]," which argued the trial court had erred by concluding it had incorrectly calculated his credits at the sentencing hearing. Defendant further argued the court "did not correctly pronounce judgment" and could not "correct its error in pronouncing the judgment as to actual days served by Gonzalez by amending the abstract of judgment. Sentence pronounced orally could not be later 'modified' without the defendant's presence when it resulted in a substantial change to the defendant's detriment." Defendant again requested that the court resentence him.

The trial court denied defendant's motion for reconsideration, and defendant filed the instant appeal.

We appointed counsel to represent defendant on appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record.

Defendant filed a supplemental brief raising the following claims: Defendant's trial attorney rendered ineffective assistance by failing to object to particular evidence, defendant had a right to be present at resentencing, the trial judge should have been disqualified because he ejected a courtroom spectator who made a threatening gesture to a witness, the admission of gang evidence at his trial and "misjoinder" of offenses violated due process, the prosecutor committed misconduct, the evidence was insufficient to support the gang enhancement, and appellate counsel rendered ineffective assistance.

None of the claims raised in defendant's supplemental brief is cognizable in this appeal from the trial court's order granting defendant's motion to correct his presentence credits. These are claims that should have been raised either in defendant's appeal from his conviction, which this court resolved in 2002, or possibly in a petition for a writ of habeas corpus.

We have examined the entire record and are satisfied defendant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED.

MILLER, J.*

We concur:

ROTHSCHILD, Acting P. J.          JOHNSON, J.

---

    \* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.